## Steinberg *v.* Eagan, Appellant.

*Appeals—Assignments of error—Multiplicity of assignments.*

1. Assignments of error should not be unnecessarily multiplied. They should be restricted to the important and controlling questions involved in the controversy.

*Partnership—Accounting—Equity — Decree — Distribution of assets.*

2. Where on a bill in equity for a partnership accounting it appears that certain partnership assets were to go on dissolution to the plaintiffs, if the defendant cancelled the agreement, it is improper for the court in the decree awarding an accounting and referring the matter to an auditor to decree that, the defendant having cancelled the agreement, the assets belonged to the plaintiffs. Such a decree could not be made before the payment of the partnership debts and costs of dissolution, inasmuch as there are no assets for distribution until such debts and costs are paid.

Argued Oct. 26, 1911. Appeal, No. 172, Oct. T., 1911, by defendant from decree of C. P. No. 2, Allegheny Co., Oct. T., 1910, No. 85, on bill in equity in case of Jacob Steinberg and Katy Steinberg, his wife v. J. H. D. Eagan. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Decree modified.

Bill in equity for a partnership accounting. Before SHAFER, J.

From the record it appeared that under the partnership articles the assets specified in the decree were to

become the property of the plaintiffs if the defendant cancelled the agreement.

The court found as a fact that Eagan dissolved the partnership.

The court entered a decree the material portions of which were as follows:

First: That a partnership existed between the said J. H. D. Eagan and the said Jacob Steinberg and Katie Steinberg, as provided in the articles of agreement attached to and made part of plaintiff's Bill of Complaint.

Second: That the said partnership was dissolved by the act of the defendant, J. H. D. Eagan, on the 13th day of July, 1910.

Fourth: It is further decreed that all of the patents, equipment, unfilled orders on hand, stock of material, finished product or product in process of completion, which belonged to the said partnership at the time of its dissolution, July 13th, 1910, become the property of the plaintiffs, Jacob and Katie Steinberg, in the liquidation of the said partnership.

Fifth: It is further decreed that C. W. Reamer, Esq., be and he is hereby appointed auditor to state an accounting between the parties in accordance with the terms and conditions of the article of agreement attached to plaintiffs' Bill of Complaint.

*Errors assigned* were various findings, conclusions and rulings, and the decree of the court.

*Andrew G. Smith,* for appellant.

*E. E. Fulmer,* for appellees.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:

This is a case in which counsel should be reminded

that the unnecessary multiplication of assignments of error does not add strength to an appeal. The questions involved are simple and free from legal complications. There are forty-four assignments when three or four would have answered every legitimate purpose of the case. This practice is not to be encouraged and we call attention to it now so that counsel hereafter may exercise greater care in this respect. The errors assigned should go to the important and controlling questions involved in the controversy. The bill asks for an accounting and this was decreed. The complaint is that an accounting was not only directed but that the manner of making it was also decreed. It is true that in the fourth paragraph of the decree all patents, equipment, unfilled orders, materials and finished product on hand or in process of completion, belonging to the partnership at the time of its dissolution, were adjudged to be the property of appellee. This order must be understood to have reference to property left after the payment of the partnership indebtedness. All of the partnership assets without reference to which partner contributed the same, or from whence they may have been derived, are held subject to the payment of the partnership debts. Until the debts are paid there are no assets for distribution. But after payment of the indebtedness and the costs of dissolution are provided for, the property will be divided among the partners according to the terms of the partnership agreement. The auditor is to make an accounting in accordance with the terms of the article of agreement made by the parties at the time the partnership was formed, and whatever property is left after paying partnership debts and the costs of dissolution belongs to appellees as stated in the fourth paragraph of the decree. But title to this property does not pass to appellee until all partnership debts and costs are paid and the business is finally wound up. The auditor will so understand his duty in making an

accounting. The decree will be modified to this extent.

With the modification indicated decree is affirmed, costs to be paid out of the partnership funds.